

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1100-15

### ABRAHAM JACOB PROENZA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### CAMERON COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY and ALCALA, JJ., joined.**

"Your honor, with all due respect, if you're going to try my case for me, I wish you wouldn't lose it."
– Frank Galvin, *The Verdict*.[1]

I agree with the Court's conclusion that a judge has an independent

duty to refrain from conveying to the jury his or her opinion of the case.

I agree with the Court's conclusion that compliance with Article 38.05 is

fundamental to the proper functioning of our adjudicatory system. And,

---

[1] 20th Century Fox (1982).

I agree with the Court's holding that Appellant was not required to object to the trial court's comments in this case in order to preserve the right to complain about those comments on appeal, regardless of the degree to which they impacted the case.  Indeed, there is much that I agree with in the Court's opinion.

However, I write separately because I believe this case illustrates why we should be wary about fetishizing our "watershed decision" in *Marin v. State.*[2]  First, it must be remembered that *Marin*'s examination of the system of adjudication at work in Texas was only a "cursory" one.[3]  We made no claims that we had exhaustively examined every evidentiary or procedural rule and every statutory and constitutional  right applicable to a criminal proceeding.  So while the observations in *Marin* regarding different categories of rights are illuminating, they did not provide a full diagnosis.  It was simply triage.

Given *Marin*'s admittedly cursory examination, it comes as no surprise that not all "rights" fit neatly into one of *Marin*'s three categories.  This case is a prime example.  Here, we could simply say that the statute at issue imposes a mandatory, statutory duty on a trial judge and

[2] 851 S.W.2d 275 (1993).

[3] *Id*. at 278.

therefore the statutory right fits in *Marin*'s second category. But, the Court goes further to note that the right to an impartial judge is so fundamental to our adjudicatory system that no objection is necessary. This suggests that a violation of Article 38.05 (assuming that a trial judge's statement actually qualifies as a "comment") falls within *Marin*'s first category–a right that cannot be waived. Yet, we hold that it's not necessary to determine if Article 38.05 creates a "right" that cannot be waived at all so long as we determine that it at least fits in category two and must be affirmatively waived.

And, of course, not every trial judge's comment that runs afoul of Article 38.05 can be said to completely wreck the proper functioning of the adjudicatory system. What if the comment does not affect a litigant's substantial rights? In those situations, it seems to make practical sense to categorize the "right" enshrined in Article 38.05 as a category-three *Marin* right. After all, if the comment does not affect the proper functioning of the adjudicatory system, then the stated rationale for removing a contemporaneous objection requirement fades.[4]

---

[4] Indeed, for all the talk of *Marin*'s three categories, as a practical matter we aren't really concerned with putting rights into their respective categories. We are only concerned with one category: category three. As before *Marin*, we ask whether a defendant is required to preserve error in the trial court to raise a particular claim on direct appeal. Asking whether the right is a category-three *Marin* right instead of whether the right requires preservation doesn't change the ultimate inquiry. Once we determine that a right

So, is *Marin* doing anything at all?   In this case is it the *Marin* category that determines the need for error preservation, or a call to the proper functioning of the adjudicatory system?   For all the talk of doing away with the concept of "fundamental error," holding that the violation in this case doesn't require an objection because "an impartial judge is fundamental to our adjudicatory system" sure sounds like a determination of fundamental error.  It seems to me that *Marin* is good at explaining how to treat violations of particular rights if we already know how those rights should be categorized.  It is not as helpful with categorizing the rights in the first place or otherwise explaining why one system of valuation is more valid than another.

All that said, I join the Court's opinion because it gets the most important thing correct.   The inquiry should always start with a determination of the nature of the right at issue rather than concerns about how efficiency favors a contemporaneous objection requirement.  Pointing to the administrative burden created by the rejection of a contemporaneous objection requirement prioritizes efficiency concerns

---

at issue is not a category-three right, we are less concerned with what category that right belongs in.  *See, e.g. Garza v. State*, 435 S.W.3d 258, 263 (Tex. Crim. App. 2014).  Seems to me that this can lead to the same piecemeal developments that *Marin* was supposed to rescue us from.  *Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002)(citing George E. Dix & Robert O. Dawson, Texas Practice–criminal practice and procedure § 42.121 (1995)).

over the rights of the litigants.  Moreover, it encourages defining the rights at issue down so that efficiency arguments appear more weighty.  To be sure, this decision will lead to more claims that something the trial court said amounts to a "comment" or more opinions deciding whether a particular statement violated a litigant's substantial rights.  But the flip side of the argument is more damning.  It risks letting a conviction before an admittedly partial tribunal stand simply for want of an objection to a demonstrably biased judge.

For these reasons, I concur and join the Court's opinion.


Filed: November 15, 2017

Publish